IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD GENE GUY,**

        **Petitioner,**

**vs.**                                        **No. CIV-12-742 MV/ACT**

**JOSEPH GARCIA, Warden,**

        **Respondent.**

## **MAGISTRATE JUDGES' REPORT AND RECOMMENDATION[1]**

**THIS MATTER** comes before the Undersigned on the Order of Reference by the Honorable Martha Vasquez [Doc. 3] filed July 13, 2012, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

Petitioner Richard Gene Guy ("Guy") filed his Petition for Writ of Habeas Corpus on July 23, 2012 ("Petition"). [Doc. 1.]  Respondent Joseph Garcia ("Respondent") filed his Answer to *Pro Se* Petitioner Richard Gene Guy's *Petition for Writ of Habeas Corpus* (28 U.S.C. § 2254) [Doc.1], on September 28, 2012 ("Answer"). [Doc. 13.]  In their Answer, Respondent asks the court to dismiss the Petition for failure to exhaust available state-court remedies. [Doc. 13 at 4 – 7.]

The Undersigned, having considered the parties' filings, the relevant law, and otherwise being fully advised, has determined that an evidentiary hearing is not necessary and recommends that Guy's Petition be dismissed without prejudice for failure to exhaust state court remedies.

---

[1] The parties will be given the opportunity to object to the Report and Recommendation as described in 28 U.S.C. § 636(b)(1).  Objections must be filed within fourteen (14) days after being served with a copy of the Report and Recommendation.  A party waives the right to challenge the Magistrate Judge's Report and Recommendation if the party does not file timely and specific objections.

**Background Facts and Procedural Posture**

1. Guy is an inmate currently housed at the Central New Mexico Correctional Facility ("CNMCF") located in Los Lunas, New Mexico. [Doc. 1 at 1; Doc. 13 at 1.] Guy was convicted of seven counts of Attempt to Evade or Defeat Taxes and nine counts of Fraud in violation of New Mexico state statutes, for which he is serving fifteen years. [2] [Doc. 13-1 at 1 - 10.] Guy claims he has physical and mental medical conditions which prevent him from participating in the work program at SNMCF.[3]  [Doc. 1 at 4.]  Guy alleges that regardless of limitations placed on him by the prison medical staff, he was made to work at jobs he is unable to do. [Doc. 1 at 5.] Because of being unable to participate in his work assignment, Guy alleges he was given low evaluations for work detail which resulted in the loss of sixty days of goodtime credits. [Doc. 1 at 6 – 7, 10.]

2. Guy filed a habeas petition in the Third Judicial District, County of Doña Anna, State of New Mexico, Case No. 12-1362 on June, 1 2012. [Doc. 13-1 at 11 – 20.]  Guy also filed a "Motion for Addemdum [sic] to Habeas Corpus," in the Third Judicial District Court. [Doc. 13-1 at 21 – 34.]  Guy's habeas petition and addendum in state court closely mirrors the petition filed in this court. [Cf. Doc. 1 and Doc. 31-1 at 11 – 27.]  Respondent moved to dismiss the Petition and that motion was granted. [Doc. 13-1 at 41 – 43; 54 – 55.] Guy did not file a petition for certiorari with the New Mexico Supreme Court.  Instead, Guy filed the instant Petition in this Court.

---

[2] Guy was sentenced to a total of twenty-one years with six of those years suspended. [Doc. 31-1 at 5.]

[3] Guy claims he suffers from heart disease, diabetes, skin formalgia, hypertension, inter skeleton chronic pain and black outs from low blood pressure.  Guy also claims he suffers from PTSD and depression for which he receives "psychological medication." [Doc. 1 at 8 – 9.]

3. Guy's Petition initially included claims for civil rights violations as well as habeas relief. [Doc. 1.] After two orders to cure deficiencies [Doc. 7, 9], Guy moved to dismiss his civil rights claims and proceed exclusively with the habeas claims. [Doc. 10.] The Honorable Martha Vasquez granted Guy's motion and clarified that the Court would construe the Petition as one brought under 28 U.S.C. § 2241.  [Doc. 11.] Guy's sole remaining claim is for the restoration of wrongfully forfeited good time credits. [Doc. 11 at 3.]

4. Having failed to file a petition for certiorari, Guy has failed to exhaust his state remedies before filing his federal habeas petition.  Accordingly, the Court recommends that Guy's petition be dismissed without prejudice.

## Discussion

5. A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition. *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)(A)). A claim has been exhausted when it has been "fairly presented" to the state court.  *Bland*, 459 F.3d at 1011 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "Fair presentation" requires more than presenting "all the facts necessary to support the federal claim" to the state court or articulating a "somewhat similar state-law claim." *Id*. (quoting *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam)). "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. *Id.* (citing *Picard*, 404 U.S. at 278, 92 S.Ct. 509). The petitioner need not cite "book and verse on the federal constitution," but he cannot assert entirely different arguments from those raised before the state court. *Id*.

6. This "exhaustion doctrine" is grounded upon principles of comity and federalism; accordingly, it "seeks to afford the state courts a meaningful opportunity to consider allegations

of legal error without interference from the federal judiciary." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986)). In order to satisfy the doctrine, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—that is, a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court. *Id*. (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); see 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 23.3 [b], at 1205–06 (6th ed. 2011) ("[T]he petitioner satisfies her exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals)."). A state prisoner bears the burden of showing he has exhausted available state remedies. *Id*. (quoting *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.1995)). Consequently, Guy bears the burden of demonstrating that he exhausted each of his habeas claims with the New Mexico Supreme Court.

7.   In this case, Guy has not demonstrated that he exhausted his claim for loss of good time credits with the New Mexico Supreme Court. Guy did not file a petition for certiorari with the New Mexico Supreme Court in accordance with Rule 5-802 of the New Mexico Rules of Criminal Procedure.  *See*, Rule 5-802(H)(2) NMRA. Consequently, Guy has failed to exhaust his state court remedies precluding the federal court from entertaining his instant Petition.

## Recommendation

8. Since Guy has failed to exhaust his state court remedies, this Court recommends that Guy's Petition be dismissed without prejudice.

_____
Alan C. Torgerson
United States Magistrate Judge